KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kevin@darbylawpractice.com
          tricia@darbylawpractice.com

Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | CASE NO.: BK-N-24-50103-hlb |
|---|---|
| PINNACLE GRINDING AND GROOVING, LLC, | Chapter 11 Subchapter V |
| | **DEBTOR'S STATUS CONFERENCE REPORT PURSUANT TO 11 U.S.C. §1188(c)** |
| Debtor. | Hearing Date: March 13, 2024 |
| | Hearing Time: 2:30 p.m. |

Debtor and Debtor in Possession, PINNACLE GRINDING AND GROOVING, LLC ("Debtor"), by and through counsel, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., hereby submits this status conference report pursuant to by 11 U.S.C. § 1188(c). Section 1188(c) of the Small Business Reorganization Act ("SBRA") requires a Debtor to, not later than 14-days before the status conference scheduled under §1188(a), file with the Court and serve on the trustee and all parties in interest a report that details the efforts the Debtor has undertaken, and will undertake, to attain consensual plan confirmation. Pursuant to this requirement, Debtor hereby reports as follows:

**1.    General Background.**

This case was filed on February 1, 2024.  Debtor is a contractor that provides services related to large scale highway construction and reconstruction across the Country.  Historically,

1  Debtor's services included grinding and grooving work, including rumble strips. More information
2  about Debtor's business can be found at www.pinnaclegrinding.com.  Debtor expanded its line of
3  business from grinding and grooving to add striping, which required the purchase of new
4  equipment.  Unfortunately, the equipment Debtor purchased was damaged in an accident on the
5  way to the Debtor's first striping job.  It later had numerous significant maintenance issues that
6  prevented the Debtor from launching that aspect of the business as planned.  Prior to that time,
7  Debtor had incurred substantial debts related to the COVID-19 pandemic and to acquire the
8  striping equipment.  When the new debt was added to Debtor's obligations, but Debtor was not
9  able to operate its striping business, the overall debt load became unmanageable and led to
10 defaults on various payment obligations and lawsuits against Debtor.  This case was filed to allow
11 Debtor to restructure its debt obligations and remain in business.

**2.  Plan of Reorganization.**

Debtor's small business plan of reorganization must be filed not later than 90-days after the order for relief pursuant to 11 U.S.C. § 1189(b). Debtor will comply with §1189(b) and file a plan by the May 1, 2024 deadline. Debtor will commit all of its projected disposable monthly income to fund a plan for a period of 36 to 60-months. The plan will provide for general unsecured creditors to receive at least as much as they would receive in a liquidation case. Debtor anticipates that its disposable monthly income will first be disbursed to administrative creditors, until paid in full. After administrative claims are paid in full, Debtor's disposable monthly income will be paid toward any priority tax claims, until those claims are paid in full. Then, Debtor's disposable monthly income will be disbursed to general unsecured creditors on a pro rata basis, through the end of the plan term. Debtor reserves the right to file a plan that is not consistent with the foregoing.

**3.  Report on Consensual Confirmation.**

a. <u>Administrative Claims</u>

Debtor anticipates paying certain administrative claims through the plan in accordance with 11 U.S.C. § 1191(e). Debtor projects administrative creditors paid through the plan will include Debtor's reorganization counsel and the Subchapter V Trustee. Debtor believes the treatment of

administrative claims under Debtor's plan will be consensual.

   b. <u>Priority Tax Claims</u>

  Debtor does not believe it owes any priority tax claims. In the event it owes any priority tax claims, the plan will provide for the payment of all allowed priority tax claims in full, with interest as allowed by law, within 60-months from the date this case was filed.

   c. <u>Secured Claims</u>

  There are eight scheduled secured claims in this case.  Debtor's counsel has had initial communications with counsel for one of the secured creditors, Heritage Bank of Nevada believes consensual plan treatment will be reached with Heritage Bank.  Debtor's Counsel has not had any initial conversations with any other secured creditor's legal counsel.  At this point, it is not yet known whether Debtor and the secured creditors will be able to agree to the treatment of the other secured creditors' claims.

   d. <u>General Unsecured Claims</u>

  Debtor anticipates unsecured creditors will be impaired under the plan and will not be paid in full. The plan will provide a return to general unsecured creditors that will exceed what unsecured creditors could expect to receive in a Chapter 7 liquidation. Debtor's counsel has not yet communicated with any unsecured creditors or their legal counsel. It is too early to determine whether consensual confirmation will be possible with unsecured creditors in this case.

  **4.  Filed Claims.**

  The deadline to file a proof of claim in this case is April 11, 2024 for non-government claimholders and July 30, 2024 for governmental bodies. As of the date of this status report, eleven claims have been filed, which total $922,490.18.  This includes $282,625.06 in secured claims and $639,865.12 in non-priority unsecured claims.

///

///

///

**5. Pending Matters.**

Pending before the Court at the time of this status report is the application to employ Debtor's general reorganization and Debtor's motion to use cash collateral.

DATED this 28th day of February, 2024.

                                        DARBY LAW PRACTICE, LTD.

                                                */s/ Kevin A. Darby*
By: _____
                                           KEVIN A. DARBY, ESQ.
                                           Proposed Counsel for Debtor